IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VANIA MARTINEZ AND § | | |
| ALEXANDRIA BEJERANO AS NEXT § | | |
| FRIEND OF JOSEPH VALADEZ, A MINOR § | | |
| § | | |
| V. § | | Civil Action No. 5:19-CV-00585 |
| § | | |
| UNITED STATES OF AMERICA § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Now comes VANIA MARTINEZ and ALEXANDRIA BEJERANO, AS NEXT FRIEND OF JOSEPH VALADEZ, A MINOR, complaining of and about The United States of America, Defendant, and for cause of action would show the Court and Jury as follows:

## I.
## PARTIES

1.1. Plaintiff, VANIA MARTINEZ, is a resident of Val Verde County, Texas.

1.2. Plaintiff, ALEXANDRIA BEJERANO, AS NEXT FRIEND OF JOSEPH VALADEZ, A MINOR, is a resident of Val Verde County, Texas.

1.3. This action is brought against the United States of America Department of the Air Force ("The Department") for the acts and omissions of its servicemembers, staff, agents, servants, representatives, and/or employees (hereinafter cumulatively the Department's "Agents") on Laughlin Air Force Base.

1.4. Defendant THE UNITED STATES OF AMERICA may be served with citation on its registered agent, Mr. John F. Bash, United States Attorney for the Western District of Texas, at his office located at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, and by sending a true and correct copy of the Complaint, via certified mail, return receipt requested to the Honorable

1

William P. Barr, Attorney General of the United States of America, Department of Justice, 950 Pennsylvania Avenue N.W., Room B-103, Washington, D.C. 20530. **Service of citation is requested at this time.**

## II.
## JURISDICTION AND VENUE

2.1. This Court has jurisdiction over this matter pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1346(b). Venue is proper in the United States District Court for the Western District of Texas as the acts or omissions complained of all occurred within the Western District and it is the district where Plaintiffs reside. 28 U.S.C. § 1402(b).

2.2 Pursuant to the FTCA, a Federal Tort Claim (Standard Form 95) was filed with The United States Department of the Air Force on November 16, 2018, for each Plaintiff. The Department of the Air Force formally acknowledged the claim in a letter dated November 21, 2018. A true and correct copy of this letter is attached hereto as Exhibit "A". More than six months have elapsed since the claim was filed, and The Department has not made final disposition of the claim. Pursuant to 28 U.S.C. § 2675(a), failure to make final disposition within six months after filing constitutes a final denial rendering Plaintiffs' claims ripe and proper for determination by this Court.

## III.
## FACTS

3.1 On July 27, 2017, Plaintiffs were swimming at an outdoor pool complex located at Building 399 within Laughlin Air Force Base in Del Rio, Texas. A large overhead awning which was without Plaintiffs' knowledge improperly attached to the building fell suddenly and without warning, forcefully striking Plaintiffs on the head, neck, and upper back. Plaintiffs were pinned underwater for several seconds until bystanders could lift the awning to allow their escape. Plaintiffs each suffered severe bodily injury as a result of the impact.

3.2     At all times relevant, The Department, by and through its Agents at Laughlin Air Force Base, occupied, maintained, or otherwise had actual or constructive control over the premises. Plaintiffs allege The Department and its Agents negligently allowed the area to become unreasonably dangerous, negligently permitted such dangerous condition to exist, and negligently failed to adequately and sufficiently warn Plaintiff of the condition of the area despite the fact that, upon information and belief, The Department and its Agents knew of the existence of the condition and that there was a substantial likelihood of someone being injured as happened to Plaintiffs. Plaintiffs further allege the condition in the area had continued for such a period of time that it would have been remedied if The Department and its Agents had exercised ordinary care in the maintenance of the premises.

## VI.
## CAUSES OF ACTION

4.1     Plaintiffs incorporate by reference Section III as if set forth in full.

**A.     Premises Claim**

4.2     Plaintiffs allege that The Department and its Agents negligently allowed the area to become dangerous, negligently permitted such dangerous condition to exist, and negligently failed to warn Plaintiffs of the condition of the area despite The Department and its Agents knowing of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiffs. Plaintiffs further allege that the condition in the area had continued for such a period of time that it would have been remedied if The Department and its Agents had exercised ordinary care in the maintenance of the premises.

4.3     The Department of the Air Force, and its Agents who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiffs, who had no actual knowledge of the unreasonably dangerous condition:

  a.  in failing to maintain reasonably safe premises;

  b.  in failing to correct the dangerous condition which was existed; and,

  c.  in failing to adequately warn invitees, including Plaintiff, that a dangerous condition existed.

4.4 Plaintiffs allege that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Department and its Agents constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiffs hereinafter set out. Plaintiffs seek damages within the jurisdictional limits of this Court.

**B.** **Negligence**

4.5 In the alternative, The Department and its Agents had a duty to exercise ordinary care and the occurrence made the basis of this suit, along with Plaintiff's resulting injuries and damages, were proximately caused by the negligent conduct of Defendants(s) in one or more of the following respects:

  a. In failing to properly attach the awning;

  b. In failing to remedy the dangerous condition created by the awning; and

  c. In failing to provide warning that the awning constituted a dangerous condition.

4.6 Plaintiffs allege that each and every, all and singular, of the aforementioned acts and/or omissions on the part of The Department and its Agents constitute negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiffs hereinafter set out. Plaintiffs seek damages within the jurisdictional limits of this Court.

## V.
## DAMAGES

5.1 Plaintiffs would show that as a direct result of the negligence of The Department and its Agents, Plaintiff MARTINEZ was caused to suffer serious and permanent personal injuries to

her body generally. Plaintiff, as a direct and proximate result of the awning collapse and the aforesaid negligence of The Department and its Agents, has incurred the following damages:

    a.    reasonable and necessary medical expenses in the past;

    b.    reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

    c.    physical pain suffered in the past;

    d.    physical pain which, in all reasonable probability, will be suffered in the future;

    e.    mental anguish suffered in the past;

    f.    mental anguish which, in all reasonable probability, will be suffered in the future;

    g.    physical impairment in the past;

    h.    physical impairment which, in all reasonable probability, will be suffered in the future;

    i.    mental impairment in the past;

    j.    mental impairment which, in all reasonable probability, will be suffered in the future;

    k.    disfigurement suffered in the past; and

    l.    disfigurement which, in all reasonable probability, will be suffered in the future.

5.2    Plaintiffs would show that as a direct result of the negligence of The Department and its Agents, Plaintiff VALADEZ was caused to suffer serious and permanent personal injuries to his body generally. Plaintiff, as a direct and proximate result of the awning collapse and the aforesaid negligence of The Department and its Agents, has incurred the following damages:

    a.    reasonable and necessary medical expenses in the past;

    b.    reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

    c.    physical pain suffered in the past;

    d.    mental anguish suffered in the past;

    e.    mental anguish which, in all reasonable probability, will be suffered in the future.

## VI.
## PRAYER

6. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, VANIA MARTINEZ and ALEXANDRIA BEJERANO, AS NEXT FRIEND OF JOSEPH VALADEZ, A MINOR, requests that Defendants be cited to appear and answer herein; that, on final hearing of this cause, Plaintiffs have judgment against Defendants for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; for costs of suit; for prejudgment and post-judgment interest at the maximum legal rate; and, for such other relief to which Plaintiffs may be justly entitled

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402; Telephone
(210) 490-8372; Facsimile
scott@krwlawyers.com; Email
taylor@krwlawyers.com; Email

BY: _____
R. SCOTT WESTLUND
State Bar No. 00791906
TAYLOR HARPER
State Bar No. 24091573

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been provided to the following counsel of record:

Mr. John F. Bash
United States Attorney for the Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

on this the 29th May 2019.

_____
R. SCOTT WESTLUND
TAYLOR HARPER